```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MONICA GONZALEZ,                                                 :
                                                                 :
                              Plaintiff,                         :
                                                                 :         24-cv-6745 (LJL)
         -v-                                                     :
                                                                 :              ORDER
QUADRANT CAPITAL ADVISORS, INC. and CARLA                        :
BRILLEMBOURG,                                                    :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/7/2025__

LEWIS J. LIMAN, United States District Judge:

On December 19, 2024, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 12. On January 6, 2025, the Court noted that under Second Circuit law, any settlement of a case brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") must be scrutinized by the Court to ensure that it is fair. Dkt. No. 13 (citing *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)). The Court scheduled a *Cheeks* hearing and ordered the parties to submit a letter explaining the basis for any proposed settlement. *Id.* The Second Circuit has held that even where a dismissal is effected pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), as opposed to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the district court may properly inquire as to the existence of any FLSA settlement, and, if there is a FLSA settlement, the district court must then engage in a *Cheeks* fairness review. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 811 (2d Cir. 2022). However, "in the absence of a settlement, the notice of dismissal should be so-ordered." *Id.*

Plaintiff has informed the Court that there is no FLSA settlement. Dkt. No. 14. Plaintiff's notice of voluntary dismissal is therefore so-ordered and the case is dismissed without prejudice and without costs. All pending deadlines and conferences are cancelled.

SO ORDERED.

Dated: January 7, 2025
New York, New York

                                                LEWIS J. LIMAN
                                               United States District Judge